UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case Number 05-60590-CIV-MARRA

NIGHT BOX FILED
AUG - 8 2005
CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

LANCER PARTNERS, L.P.,

        Plaintiff,

v.

TOTAL FILM GROUP, INC.,

        Defendant.
_____/

## PLAINTIFF'S MOTION FOR RE-ISSUANCE OF SUMMONS AND FOR ENLARGEMENT OF TIME TO SERVE RE-ISSUED SUMMONS
### [Expedited Relief Requested]

Lancer Partners, L.P. ("Partners"), through undersigned counsel, hereby files this Motion for Re-Issuance of summons and for Enlargement of time to Serve Re-Issued Summons pursuant to Federal Rule of Bankruptcy Procedure 7004(e) and Fed.R.Civ.P. 4(m) and 6(b) and Local Rule 7.1(A), and states the following:

### BACKGROUND FACTS

1. Partners is a Connecticut limited partnership. Prior to July 10, 2003, Partners operated out of executive offices located in New York City.

2. On April 16, 2003 (the "Petition Date"), Partners commenced a Chapter 11 bankruptcy case (the "Bankruptcy Case") by filing a voluntary petition for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States District Court for the District of Connecticut (the "Connecticut Bankruptcy Court").

3. Creditors and investors have filed more than $200 million in claims against Partners since the Petition Date.

1

4. On July 10, 2003, this Court entered an Order appointing Marty Steinberg, Esq. (the "Receiver"), of the Miami office of Hunton & Williams LLP, as receiver for Partners' general partner, Lancer Management Group II, LLC, in the case styled Securities and Exchange Commission v. Lauer *et al.*, Case No. 03-80612-CIV-MARRA/VITUNAC.

5. On July 24, 2003, the Connecticut Bankruptcy Court entered an Order recognizing the Receiver as the "responsible person" for Partners under the Bankruptcy Code. Since that date, Partners has operated out of the Receiver's offices in Miami, Florida.

6. On January 9, 2004, Partners filed an Agreed Motion to Transfer Venue of the Bankruptcy Case to this Court (the "Motion to Transfer Venue").

7. On February 10, 2004, the Connecticut Bankruptcy Court entered an Order granting the Motion to Transfer Venue (the "Transfer Order").

8. Paragraph 2 of the Transfer Order provides that the Bankruptcy Case "is hereby transferred to the United States District Court for the Southern District of Florida to be administered by the District Court as a bankruptcy case under Title 11 and pursuant to 28 U.S.C. § 1334(a) through (c)."

9. On April 15, 2005, Partners filed in this Court a Complaint (the "Complaint") [DE 1] against the Defendant. By the Complaint, Partners seeks to avoid certain transfers it made to Defendant prior to the Petition Date (collectively the "Transfers") and to recover the value of the Transfers from Defendant.

10. The Complaint is one of 42 adversary proceedings filed by Partners against similar defendants on the same or similar grounds.

11. On or about August 8, 2005, Plaintiff filed an Amended Complaint against Defendant. The Plaintiff files this Motion to request that the court direct the Clerk of the Court

re-issue Summons under Bankruptcy Rule 7004(e) and extend the deadline for Plaintiff serve the re-issued Summons in this case under Federal Rule 4(m).

## DISCUSSION

12. Upon taking over the operations of Partners through its general partner, the Receiver and his professionals were faced with the task of completely reconstructing Partners' books and records, which had been kept in a disorganized manner.

13. Specifically, the Receiver and his professionals were compelled to review hundreds of boxes of documents in order to verify every transfer made by Partners over the last several years, and to determine the potential avoidability of such transfers under the Bankruptcy Code.

14. Under § 546(a)(1)(A) and § 108 of the Bankruptcy Code, a debtor-in-possession such as Partners must file complaints to avoid fraudulent transfers within two years after the date of the filing of a petition. Thus, Partners had to file complaints to avoid fraudulent transfers, such as this one, on or before April 16, 2005, or Partners' claims would have been forever barred.

15. On April 15, 2005, Partners filed 42 fraudulent transfer complaints, including this one, to prevent the claims asserted therein from lapsing.

16. Partners refrained from serving the Complaint while the Receiver and his professionals completed the investigation of certain transactions at issue in the Complaint.

17. Since April 15, 2005, Partners has voluntarily dismissed certain of the actions filed against the recipients of potentially avoidable transfers and has amended all or most of the others.

18. Additionally, although Federal Rule of Bankruptcy Procedure 7004(b) provides for service by first class United States mail, in an abundance of caution, Partners sent Notices of Lawsuits and Requests for Wavier of Service of Summons to all or most of the defendants named in the 42 Complaints.

19. In many instances, the defendants have agreed to waive service. Others have not responded; some of these presumably never received the waiver request due to the poor state of Partners' records of addresses.

20. Partners has attempted to locate better addresses and intends to serve the Amended Complaint upon all defendants in accordance with Federal Rule of Bankruptcy Procedure 7004.

## RE-ISSUANCE OF SUMMONS

21. Bankruptcy Rule 7004(e) requires service of a summons within ten days of issuance. Because the Complaint has been amended and/or because Partners has located a better or more specific address for service, Partners requests a re-issuance of summons pursuant to Rule 7004(e), in an abundance of caution.

22. Where a Summons has not been served within ten days, Bankruptcy Rule 7004(e) provides for the mandatory re-issuance of summons: "If a summons is not timely delivered and mailed, another summons shall be issued and served."

23. Accordingly, Partners requests that the Court direct the Clerk of the Court to re-issue Summons in this matter forthwith.

## ENLARGEMENT OF TIME TO SERVE RE-ISSUED SUMMONS

24. Additionally, Bankruptcy Rule 7004 applies Federal Rule 4(m) to all adversary proceedings. Rule 4(m) imposes a 120 deadline for service of a summons and complaint, but

provides that the deadline may be extended for an appropriate period by the Court for good cause.[14] This deadline is currently set to expire August 15, 2005. For the good cause set forth above, Partners requests a 30-day enlargement of the 120-day deadline through and including September 14, 2005, within which to serve the re-issued Summons and Amended Complaint.

25. "When by these rules or by a notice given thereunder or by an order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion...order the period enlarged if request thereof is made before the expiration of the period originally prescribed." Fed.R.Civ.P. 6(b).

26. "[A]n application under Rule 6(b)(1) normally will be granted in the absence of bad faith or prejudice to the adverse party." C. Wright & A. Miller, *Federal Practice & Procedure* § 1165 (1987 ed.).

27. Under the circumstances set forth herein, re-issuance of summons and an extension of time of thirty (30) days for Partners to serve the re-issued Summons and the Amended Complaint on the Defendant is warranted.

28. This Motion is filed in good faith and will not prejudice any party.

### STATEMENT OF EXIGENT CIRCUMSTANCES

29. This Motion requests the extension of a deadline which otherwise expires August 15, 2005. Accordingly, the Receiver requests expedited disposition of this Motion to ensure sufficient time for service of the re-issued Summonses and Amended Complaints in the event any part of the Motion is denied.

---

[14] In effect, under Bankruptcy Rule 7004(e), each summons is good for ten days, and while the Clerk may issue additional ten-day summonses, Rule 4(m) requires that one of the summonses be served within 120 days of the complaint unless extended.

5

**WHEREFORE**, Partners respectfully requests that this Court enter an order in the form attached hereto: (i) directing the Clerk of the Court to re-issue the Summons under Fed.R.Bankr.P. 7004(e); (ii) extending for thirty (30) days, through and including September 14, 2005, the time for Partners to serve the re-issued Summons and Amended Complaint in this proceeding; and (iii) granting such other and further relief as the Court deems just and proper.

Dated:   August ___, 2005.

**HUNTON & WILLIAMS LLP**
*Attorneys for Lancer Partners, L.P.*
1111 Brickell Avenue - Suite 2500
Miami, Florida 33131
Telephone: (305) 810-2562
Facsimile: (305) 810-2460

By:_____
Jeffrey P. Bast (FBN 996343)
Kevin M. Eckhardt (FBN 412902)