Apr 24 2006

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case Number 05-60590-CIV-MARRA

LANCER PARTNERS, L.P.,

        Plaintiff,

v.

TOTAL FILM GROUP, INC.,

        Defendant.
_____/

**PLAINTIFF'S SECOND MOTION FOR RE-ISSUANCE OF SUMMONS**
**AND FOR ENLARGEMENT OF TIME TO SERVE RE-ISSUED SUMMONS**

Lancer Partners, L.P. ("Partners"), through undersigned counsel, hereby files this Second Motion for Re-Issuance of summons and for Enlargement of Time to Serve Re-Issued Summons (the "Motion") pursuant to Federal Rule of Bankruptcy Procedure 7004(e) and Fed.R.Civ.P. 4(m) and 6(b) and Local Rule 7.1(A), and states the following:

**BACKGROUND FACTS**

1. Partners is a Connecticut limited partnership. Prior to July 10, 2003, Partners operated out of executive offices located in New York City.

2. On April 16, 2003 (the "Petition Date"), Partners commenced a Chapter 11 bankruptcy case (the "Bankruptcy Case") by filing a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States District Court for the District of Connecticut (the "Connecticut Bankruptcy Court").

3. Creditors and investors have filed more than $200 million in claims against Partners since the Petition Date.

4. On July 10, 2003, this Court entered an Order appointing Marty Steinberg, Esq. (the "Receiver"), of the Miami office of Hunton & Williams LLP, as receiver for Partners' general partner, Lancer Management Group II, LLC, in the case styled *Securities and Exchange Commission v. Lauer et al.*, Case No. 03-80612-CIV-MARRA/VITUNAC.

5. On July 24, 2003, the Connecticut Bankruptcy Court entered an Order recognizing the Receiver as the "responsible person" for Partners under the Bankruptcy Code. Since that date, Partners has operated out of the Receiver's offices in Miami, Florida.

6. On January 9, 2004, Partners filed an Agreed Motion to Transfer Venue of the Bankruptcy Case to this Court (the "Motion to Transfer Venue").

7. On February 10, 2004, the Connecticut Bankruptcy Court entered an Order granting the Motion to Transfer Venue (the "Transfer Order").

8. Paragraph 2 of the Transfer Order provides that the Bankruptcy Case "is hereby transferred to the United States District Court for the Southern District of Florida to be administered by the District Court as a bankruptcy case under Title 11 and pursuant to 28 U.S.C. § 1334(a) through (c)."

9. On April 15, 2005, Partners filed in this Court a complaint (DE 1, the "Complaint") against the Defendant. By the Complaint, Partners seeks to avoid certain transfers it made to the Defendant prior to the Petition Date (the "Transfers") and to recover the value of the Transfers from the Defendant.

10. The Complaint is one of 42 adversary proceedings filed by Partners against similar defendants on the same or similar grounds.

11. On August 9, 2005, Partners filed an Amended Complaint against the Defendant.

12. On August 11, 2005, the Court issued an Alias Summons as to the Defendant.

2

13. Although Partners attempted to serve the Alias Summons and Amended Complaint upon the Defendant by First Class U.S. Mail, it was unable to effect service upon the Defendant, and the Summons and Amended Complaint were returned to Partners through the mail.

14. Of the 42 total complaints filed, it has been unable to effect service on only eight defendants, including the Defendant in this Action.

15. Partners now files this Motion requesting that the Court direct the Clerk of the Court to re-issue the Summons under Bankruptcy Rule 7004(e) and extend the deadline for Plaintiff to serve the re-issued Summons and Amended Complaint in this case under Federal Rule 4(m).

## DISCUSSION

16. Upon taking over the operations of Partners through its general partner, the Receiver and his professionals were faced with the task of completely reconstructing Partners' books and records, which had been kept in a disorganized manner.

17. Specifically, the Receiver and his professionals were compelled to review hundreds of boxes of documents in order to verify transfers made by Partners over the last several years, determine the potential avoidability of such transfers under the Bankruptcy Code, and ascertain address information for the numerous defendants.

18. Due to Partners' disorganized and/or incorrect address records, the Receiver has encountered difficulty serving certain defendants, including the Defendant in this action.

19. As of the filing of this Motion, the Receiver believes he has located a better address for the Defendant.

3

## RE-ISSUANCE OF SUMMONS

20. Bankruptcy Rule 7004(e) requires service of a summons within ten days of issuance. Because the Alias Summons was not served on the Defendant within ten days of issuance, Partners requests a re-issuance of the summons pursuant to Rule 7004(e).

21. Where a Summons has not been served within ten days, Bankruptcy Rule 7004(e) provides for the mandatory re-issuance of summons: "If a summons is not timely delivered and mailed, another summons shall be issued and served."

22. As stated above, Partners believes it has located a better or more specific address for the Defendant. Accordingly, Partners requests that the Court direct the Clerk of the Court to re-issue Summons in this matter forthwith.

## ENLARGEMENT OF TIME TO SERVE RE-ISSUED SUMMONS

23. Bankruptcy Rule 7004 applies Federal Rule 4(m) to all adversary proceedings. Rule 4(m) imposes a 120 day deadline for service of a summons and complaint, but provides that the deadline may be extended for an appropriate period by the Court for good cause.[1] For the good cause set forth herein, Partners requests an enlargement of the deadline to serve an Alias Summons and Amended Complaint through and including 60 days after the entry of an Order granting this Motion.

24. "When by these rules or by a notice given thereunder or by an order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion…order the period enlarged if request thereof is made before the

---

[1] In effect, under Bankruptcy Rule 7004(e), each summons is good for ten days, and while the Clerk may issue additional ten-day summonses, Rule 4(m) requires that one of the summonses be served within 120 days of the complaint unless extended.

4

expiration of the period originally prescribed ... or upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect." Fed.R.Civ.P. 6(b).

25.  Although the 120-day deadline for service of the Alias Summons and Amended Complaint has expired, under the circumstances set forth herein, Partners failure to serve same is the result of excusable neglect. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 1113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). As such, re-issuance of the Summons and an extension of sixty (60) days for Partners to serve the re-issued Summons and the Amended Complaint on the Defendant is warranted.

26.  As stated above, Partners' books and records were disorganized when delivered to the Receiver. Upon receipt of Partners' files, the Receiver faced the task of reconstructing these records to obtain transfer and accurate address information for the numerous defendants. In fact, when the Receiver attempted to serve the Alias Summons and Amended Complaint on the Defendant, the mailing was returned through the U.S. Mail as undeliverable. Since that time, the Receiver has conducted further investigations to locate better addresses for the remaining unserved defendants, including the Defendant in this Action. Additionally, the Receiver's senior paralegal handling service on this case unexpectedly fell ill earlier this year and has been hospitalized for over a month.

27.  Further, this Motion is filed in good faith and will not prejudice any party.

28.  Accordingly, for the foregoing reasons, re-issuance of the Summons and an extension of sixty (60) days for Partners to serve the re-issued Summons and the Amended Complaint on the Defendant is warranted.

5

**WHEREFORE**, Partners respectfully requests that this Court enter an order in the form attached hereto: (i) directing the Clerk of the Court to re-issue the Summons under Fed.R.Bankr.P. 7004(e); (ii) extending for sixty (60) days the time for Partners to serve the re-issued Summons and Amended Complaint on the Defendant, such sixty (60) day extension to begin running after entry of an Order granting this Motion; and (iii) granting such other and further relief as the Court deems just and proper.

Dated:   April 24, 2006.

                                **HUNTON & WILLIAMS LLP**
                                *Attorneys for Lancer Partners, L.P.*
                                1111 Brickell Avenue - Suite 2500
                                Miami, Florida 33131
                                Telephone: (305) 810-2562
                                Facsimile: (305) 810-2460


                                By:___/s/ David E. Bane_____
                                    David E. Bane (FBN 0515701)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case Number 05-60590-CIV-MARRA

LANCER PARTNERS, L.P.,

        Plaintiff,

v.

TOTAL FILM GROUP, INC.,

        Defendant.
_____/

**ORDER GRANTING PLAINTIFF'S SECOND
MOTION FOR RE-ISSUANCE OF SUMMONS AND FOR
ENLARGEMENT OF TIME TO SERVE RE-ISSUED SUMMONS**

THIS MATTER came before the Court upon the Plaintiff's Second Motion for Re-Issuance of Summons and for Enlargement of Time to Serve Re-Issued Summons (the "Motion") filed by Lancer Partners, L.P. ("Partners") pursuant to Federal Rule of Bankruptcy Procedure 7004(e) and Fed.R.Civ.P. 4(m) and 6(b) and Local Rule 7.1(A). The Court having reviewed the Motion and the entire file and finding good cause for the relief requested,

ORDERS AND ADJUDGES as follows:

1.    The Motion is granted.

2.    The Clerk of the Court is hereby order and directed to re-issue the Summons in this matter under Fed.R.Bankr.P. 7004(e).

7

3.      Partners is granted a sixty (60) day extension of time within which to serve the Summons and Amended Complaint upon the Defendant, such time to begin running after entry of this Order.

DONE AND ORDERED in the Southern District of Florida this ____ day of _____, 2006.

_____
*United States District Judge*

copies provided:
David E. Bane

64036.000003 MIAMI 344028v1