UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 03-80612-CIV-MARRA/SELTZER

SECURITIES AND EXCHANGE COMMISSION,



      Plaintiff,

vs.

MICHAEL LAUER, LANCER MANAGEMENT
GROUP LLC, and LANCER MANAGEMENT
GROUP II, LLC,

      Defendants,

and

LANCER OFFSHORE, INC., LANCER
PARTNERS, LP, OMNIFUND, LTD., LSPV,
INC., and LSPV, LLC,

      Relief Defendants.
_____/

In Re:

LANCER PARTNERS, LP,          Case No. 04-80211-CIV-MARRA/SELTZER

      Debtor.
_____/

FILED by ___ D.C.

MAY 0 2 2006

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

## ORDER

    THIS CAUSE is before the Court *sua sponte*.

    The lead case in this action (03-80612-CIV, hereinafter the "Enforcement Action")

was commenced by the Securities and Exchange Commission in 2003 against Defendant

Michael Lauer and two entities that he controlled, Lancer Management Group and Lancer

Management Group II.  Those entities were the general partners in a number of hedge

fund management companies, including Lancer Partners, L.P.  The hedge fund



management companies – except for Lancer Partners – are the "Relief Defendants" in the Enforcement Action.

On April 16, 2003, shortly before the SEC commenced the Enforcement Action, Lancer Partners filed a voluntary Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the District of Connecticut (hereinafter, the "Bankruptcy Case"). Soon thereafter, this Court appointed Marty Steinberg, Esq. as Receiver for the Defendants and the Relief Defendants in the Enforcement Action. The Court also entered a channeling injunction as part of a Case Management Order (DE 123 in the Enforcement Action) requiring all future litigation concerning the Defendants and the Relief Defendants in the Enforcement Action to be brought in this Court. As a result, the parties in the Bankruptcy Case filed an agreed motion to transfer that action to this Court, which motion was granted by the Connecticut Bankruptcy Court.

This Court's Local Rules provide that "all cases arising under Title 11 of the United States Code, and proceedings arising in or related to cases under Title 11, United States Code, [are] referred to the bankruptcy judges for this district." S.D. Fla. L.R. 87.2. Yet, when the Bankruptcy Case was transferred to this Court, it was not automatically referred to a Bankruptcy Judge under Local Rule 87.2, presumably due to a provision in the Case Management Order.[1] Rather, the Bankruptcy Case was assigned a case number (04-80211) by the Clerk's Office and was randomly assigned to the docket of the Honorable William P. Dimitrouleas. Judge Dimitrouleas then transferred the action to the Honorable

---

[1] The Case Management Order provides that all bankruptcy cases filed in (or transferred to) this Court involving any of the Defendants or the Relief Defendants in the Enforcement Action shall have the automatic reference to the Bankruptcy Court withdrawn. See Case Management Order at 25 (DE 123 in Enforcement Action).

William J. Zloch (who, at the time, was presiding over the Enforcement Action) because of the relationship between the Enforcement Action and the Bankruptcy Case. Judge Zloch later recused himself from these cases and they were then transferred to the undersigned.

At or about that time, the Receiver filed motions in both the Enforcement Action and the Bankruptcy Case seeking "joint administration" thereof. See DE 373 in the Enforcement Action; DE 65 in the Bankruptcy Case. The proffered basis for the requested relief was administrative simplicity and elimination of "unnecessary waste of the parties' and the [Court's] resources." DE 65 (in the Bankruptcy Case) at 4. The Receiver did "not request that the Court substantively consolidate the Bankruptcy Case and the [Enforcement] Proceeding." Id. at 8. Rather, the Receiver recognized that "the standards applicable to bankruptcy proceedings alone shall continue to govern requests for relief in the Bankruptcy Case, and the standards applicable to receivership proceedings alone shall continue to govern requests for relief in the [Enforcement] Proceeding." Id. The Receiver, therefore, recognized (and agreed) that bankruptcy law, rules, and procedures should still apply to the issues in the Bankruptcy Case.

By Order dated August 19, 2004 (DE 490 in the Enforcement Action; DE 101 in the Bankruptcy Case), this Court granted the Receiver's motion and consolidated "for procedural purposes only" the Enforcement Action and the Bankruptcy Case. The Order consolidating the cases stated that "[n]othing in this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of the Bankruptcy Case and the [Enforcement] Proceeding."

3

Regrettably, it does not appear that the consolidation of the Enforcement Action and the Bankruptcy Case has achieved the administrative benefits that were contemplated by this Court's August 19, 2004 Order. Further, the Court is now repeatedly being asked to apply provisions of the Bankruptcy Code that are more appropriately adjudicated by a Bankruptcy Judge.

By way of example, Lancer Partners has filed more than 30 adversary proceedings, seeking to recover fraudulent transfers under several sections of the Bankruptcy Code and parallel Florida statutes.[2] Adversary proceedings such as these are "core proceedings" under 28 U.S.C. § 157(b)(2)(H), which are expressly within the jurisdiction of Bankruptcy Judges. See 28 U.S.C. § 157(b)(1). Moreover, each of these adversary proceedings was separately captioned (and given its own case number) under the terms of the Case Management Order. As a result, the parties and the Court face administrative difficulties overseeing these cases.

---

[2] Those lawsuits include Case Nos. 05-60583 (Lancer Partners v. Goldstein Golub Kessler); 05-60587 (Lancer Partners v. Thornhill Group); 05-60588 (Lancer Partners v. Greyhawke Capital Advisors); 05-60590 (Lancer Partners v. Total Film Group); 05-60591 (Lancer Partners v. Vandeveer Partners); 05-60593 (Lancer Partners v. Julius); 05-60594 (Lancer Partners v. Nudnick's LLC); 05-60595 (Lancer Partners v. Nelson); 05-60596 (Lancer Partners v. Cirka); 05-60599 (Lancer Partners v. Chardu LLC); 05-60601 (Lancer Partners v. Opus Portfolio); 05-60602 (Lancer Partners v. Select Capital); 05-60603 (Lancer Partners v. Tuchman); 05-60604 (Lancer Partners v. Buhl); 05-60606 (Lancer Partners v. Anderson); 05-60608 (Lancer Partners v. Lauer); 05-60610 (Lancer Partners v. Fretter); 05-60614 (Lancer Partners v. Lazarus); 05-60615 (Lancer Partners v. Miro); 05-60616 (Lancer Partners v. EES Investments); 05-60617 (Lancer Partners v. Taubman); 05-60618 (Lancer Partners v. US Group); 05-60619 (Lancer Partners v. Capital Research); 05-60620 (Lancer Partners v. Equitel); 05-60621 (Lancer Partners v. Fidelity First Mortgage); 05-60622 (Lancer Partners v. Neurocorp); 05-60623 (Lancer Partners v. World Wireless); 05-60624 (Lancer Partners v. SMX Corp.); 05-60625 (Lancer Partners v. Xtracrad Corp.); 05-60628 (Lancer Partners v. Teledata World Svcs.); and 05-60631 (Lancer Partners v. Biometrics Sec.).

Furthermore, motions to dismiss are pending in at least eight of the adversary proceedings listed in footnote 2 above, and each motion raises several legal arguments arising under the Bankruptcy Code.  A Bankruptcy Judge, who is called upon to apply the provisions of the Bankruptcy Code on a daily basis, is the more appropriate judicial officer to resolve these questions of bankruptcy law in the first instance, subject to appellate review by the district court.  And, motions are filed nearly every day in the Enforcement Action seeking relief only with respect to the Bankruptcy Case.[3]  These motions typically cite the Bankruptcy Code and/or related provisions in the Local Bankruptcy Rules.  (Recent examples include DE 1369, filed April 12, 2006 (relying on the "Guidelines for Fee Applications for Professionals in the Southern District of Florida in Bankruptcy Cases"); DE 1364, filed April 11, 2006 (citing Bankruptcy Rule 9006(b)(1) and case law interpreting that Rule); and DE 1328, filed March 29, 2006 (relying on Bankruptcy Rule 2002(a)(7) and case law interpreting that Rule).)  Again, these motions are best suited in the first instance for resolution by a Bankruptcy Judge, subject to appellate review by the district court.

Lastly, the Court notes that at a recent hearing before Magistrate Judge Seltzer, the Receiver indicated that he intends to submit within a few months a liquidating plan of bankruptcy for Lancer Partners in the Bankruptcy Case.  Ultimately, court approval will be required for any proposed distribution of Lancer Partners' liquidated assets under such a plan.  This is precisely the type of responsibility that is typically entrusted to a Bankruptcy Judge.

---

[3] Notwithstanding the provisions of the Court's Order consolidating the Enforcement Action and the Bankruptcy Case, these motions frequently fail to specify that they relate only to the Bankruptcy Case, leading to additional confusion for the parties and for the Court.  See, e.g., DE 1413 in the Enforcement Action.

In light of all of the foregoing, including (1) the (typical) automatic referral of bankruptcy cases to Bankruptcy Judges under this Court's Local Rules, (2) the failure to realize the purported benefits of jointly administering the Enforcement Action and the Bankruptcy Case, (3) the greater familiarity with bankruptcy law enjoyed by Bankruptcy Judges, and (4) the Receiver's decision not to seek "substantive" consolidation of the Enforcement Action and the Bankruptcy Case, the Court concludes that the joint administration of the Enforcement Action and the Bankruptcy Case should be terminated. The Bankruptcy Case therefore will be severed and referred to a United States Bankruptcy Judge.

Accordingly, it is hereby ORDERED as follows:

1.      The Court's August 19, 2004 Order Granting Receiver's Motion for Joint Administration of Receivership and Bankruptcy Estates (DE 490 in the Enforcement Action; DE 101 in the Bankruptcy Case) is VACATED and the Enforcement Action and the Bankruptcy Case are hereby ADMINISTRATIVELY SEVERED;

2.      The Bankruptcy Case, Case No. 04-80211, is hereby REFERRED to the United States Bankruptcy Court for the Southern District of Florida, Fort Lauderdale Division, for assignment to a United States Bankruptcy Judge, pursuant to 28 U.S.C. § 157 and S.D. Fla. L.R. 87.2;

3.      Notwithstanding any prior Orders of Reference (which are hereby VACATED), the following adversary proceedings (and all motions currently pending therein) are hereby REFERRED to the United States Bankruptcy Judge assigned to the Bankruptcy Case pursuant to paragraph 2 of this Order, to be administered as part of the Bankruptcy Case:

Case No. 05-60583 (Lancer Partners v. Goldstein Golub Kessler)
Case No. 05-60587 (Lancer Partners v. Thornhill Group)
Case No. 05-60588 (Lancer Partners v. Greyhawke Capital Advisors)
Case No. 05-60590 (Lancer Partners v. Total Film Group)
Case No. 05-60591 (Lancer Partners v. Vandeveer Partners)
Case No. 05-60593 (Lancer Partners v. Julius)
Case No. 05-60594 (Lancer Partners v. Nudnick's LLC)
Case No. 05-60595 (Lancer Partners v. Nelson)
Case No. 05-60596 (Lancer Partners v. Cirka)
Case No. 05-60599 (Lancer Partners v. Chardu LLC)
Case No. 05-60601 (Lancer Partners v. Opus Portfolio)
Case No. 05-60602 (Lancer Partners v. Select Capital)
Case No. 05-60603 (Lancer Partners v. Tuchman)
Case No. 05-60604 (Lancer Partners v. Buhl)
Case No. 05-60606 (Lancer Partners v. Anderson)
Case No. 05-60608 (Lancer Partners v. Lauer)
Case No. 05-60610 (Lancer Partners v. Fretter)
Case No. 05-60614 (Lancer Partners v. Lazarus)
Case No. 05-60615 (Lancer Partners v. Miro)
Case No. 05-60616 (Lancer Partners v. EES Investments)
Case No. 05-60617 (Lancer Partners v. Taubman)
Case No. 05-60618 (Lancer Partners v. US Group)
Case No. 05-60619 (Lancer Partners v. Capital Research)
Case No. 05-60620 (Lancer Partners v. Equitel)
Case No. 05-60621 (Lancer Partners v. Fidelity First Mortgage)
Case No. 05-60622 (Lancer Partners v. Neurocorp)
Case No. 05-60623 (Lancer Partners v. World Wireless)
Case No. 05-60624 (Lancer Partners v. SMX Corp.)
Case No. 05-60625 (Lancer Partners v. Xtracrad Corp.)
Case No. 05-60628 (Lancer Partners v. Teledata World Svcs.)
Case No. 05-60631 (Lancer Partners v. Biometrics Sec.)

These adversary proceedings shall be administratively closed by the Clerk of the

District Court after they have been transmitted to the Bankruptcy Court. All future filings

in these adversary proceedings shall be made in the Bankruptcy Court;

4.     Notwithstanding any prior Orders of Reference (which are hereby

VACATED), the following Motions, which appear to relate solely to the Bankruptcy Case,

are hereby REFERRED to the United States Bankruptcy Judge assigned to the Bankruptcy

Case pursuant to paragraph 2 of this Order, to be handled as part of the Bankruptcy Case:

DE 1272 (Motion by Robert Beren Hedge Fund for order deeming claim timely filed)
DE 1328 (Motion by WMS Growth Fund for order deeming claim timely filed)
DE 1394 (Ninth Interim Application for fees by Hunton & Williams)

All future filings relating to these Motions shall be made in the Bankruptcy Court;

5.      On or before May 17, 2005, the Receiver shall file with the Court a notice indicating all other currently pending adversary proceedings (besides those listed in paragraph 3 above) commenced by Lancer Partners or by the Receiver on behalf of Lancer Partners;

6.      On or before May 17, 2005, the Receiver shall file with the Court a notice indicating all other currently pending Motions in the Enforcement Action (other than those listed in paragraph 4 above) seeking relief only with respect to the Bankruptcy Case;

7.      All future filings in this action shall bear the caption and case number of the Enforcement Action only; and

8.      The Receiver shall file a notice in the Enforcement Action of any appeal taken of a Bankruptcy Court order within five (5) days of any such appeal being filed.[4]

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this _3_ day of May, 2006.

_____
KENNETH A. MARRA
United States District Judge

Copies to:

_____

[4] The Local Rules provide that bankruptcy appeals shall be randomly assigned to a Judge of this District. Given the relationship between the Enforcement Action and the Bankruptcy Case, however, the Court will accept the transfer of any bankruptcy appeal from another district judge to whom such an appeal might be assigned.

Magistrate Judge Seltzer

Chris LaCoursiere
Deputy in Charge
United States Bankruptcy Court, S.D. Fla., Fort Lauderdale Division

Carl F. Schoeppl, Esq.
4651 North Federal Highway
Boca Raton, FL 33431-5133

Michael Lauer
7 Dwight Lane
Greenwich, CT 06831

Attorney Craig V. Rasile, Esq., of Hunton & Williams, shall forthwith serve a copy of this
Order upon all parties identified on the Master Service List and on all other interested
persons and shall file a Certificate of Service in the record.